IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LABARIAN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1219-NJR |
| | ) | |
| | ) | |
| CHESTER MENTAL HEALTH CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Labarian Lewis, who is currently housed at Chester Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for preliminary review of the Complaint[1] pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

There are a number of issues with Lewis's Complaint. First, it lacks a statement of claim. He has no allegations as to what happened to him or how any state actor violated his rights. His request for relief merely states that he has severe back from falling on the floor and he seeks

---

[1] Lewis also filed a letter with the Court. Despite being legible, it is incomprehensible. It likewise does not shine any additional light on the claim which Lewis seeks to raise in his Complaint.

1

compensation for that pain. It is not even clear if he believes that a state actor is liable for his injury, as he merely states "someone help me got up?" (Doc. 1, p. 4). It is also not clear whether Lewis is incarcerated at Chester or whether he has been civilly committed to the center. Further, he has sued Chester Mental Health Center (although he does not identify the center in the caption of his Complaint). But he must make plausible allegations against *individuals*, and these individuals must be listed in the case caption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Thus, he fails to state a claim in his Complaint.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at555). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). Thus, if Lewis seeks to proceed in this case, he must file an amended complaint. The amended complaint should identify who violated Lewis's constitutional rights by name, if known, and should include a description of how Lewis's rights were violated, which he has not done with his current Complaint. If Lewis does not know the name of the individual who violated his rights, he can identify them by a John Doe designation. He should also indicate his status at Chester, whether he is an inmate with the Illinois Department of Corrections or whether he has been civilly committed to the facility. Additionally, any individual Lewis intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

### Pending Motions

As to Lewis's motion for counsel (Doc. 3), he states that he has a fifth-grade education and that he has not been able to find an attorney because of his mental illness. But the Court finds that at this early stage, counsel is not warranted. The Court has provided Lewis with simple instructions on how to file an amended complaint, and the Court finds him capable of submitting an amended complaint with simple factual details setting forth what happened to him and who he is suing. Thus, counsel is not needed at this time and his motion is **DENIED**.

### Disposition

**IT IS HEREBY ORDERED** that Lewis's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Lewis is **GRANTED** leave to file a "First Amended Complaint" on or before **January 3, 2022**. Should Lewis fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Lewis's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Lewis must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Lewis is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Lewis elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Lewis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 6, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**