# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LABARIAN LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1219-NJR |
| | ) | |
| ANGELA COWELL, TRACY MOTT, DR. ISAN, and DR. THAN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On October 6, 2021, Plaintiff Labarian Lewis, who is currently being held at Chester Mental Health Center, filed a Complaint (Doc. 1). That Complaint was later dismissed because Lewis failed to include any allegations in his statement of claim and failed to allege allegations against individuals (Doc. 12). He was given leave to file an Amended Complaint. On December 17, 2021, Lewis filed an Amended Complaint which is currently pending before the Court (Doc. 13).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

### Discussion

Lewis's Amended Complaint cures some, but not all, of the defects in his original Complaint. He now includes a statement of claim and lists some individuals in the caption. Unfortunately, however, he fails to list all of the individuals in the caption of his Amended Complaint. For instance, Lewis only identifies Angela Cowell and Tracy Mott in the case caption but includes a Dr. Isan and Dr. Than in his list of Defendants (Doc. 13, pp. 3 and 7). Because Dr. Isan and Dr. Than are not listed in the case caption, the Court will not consider them as Defendants in the case. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Although Lewis now has allegations in his statement of claim, the allegations are vague. He merely states he was given medication that caused him to drool and "think strange" (*Id*. at p. 9). In a second statement of claim later in the Amended Complaint, he states that he has been abused and neglected (*Id*. at p. 12). His request for relief states "malpractice, negligence, abuse." (*Id*. at p. 10). Although Lewis has presented more facts than in his original Complaint, he fails to present enough factual allegations against any of the Defendants. He fails to allege when he was provided this medication, who provided it to him, how long he took the medication, and whether or not the medication was prescribed to him.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555)). Lewis is reminded that in order to state a claim he must include "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*,

901 F.2d 624, 627 (7th Cir. 1990). The Second Amended Complaint should identify *who* violated his constitutional rights by name, if known, and should include a description of *how* his rights were violated, which he has not done with his current Amended Complaint. Lewis now identifies Defendants but fails to allege *how* those individuals violated his rights. He must identify *who* provided him with the medication, *when* this occurred, and *why* he believes this was improper. In the Second Amended Complaint he must also indicate his status at Chester, whether he is an inmate with the Illinois Department of Corrections or whether he has been civilly committed to the facility.

## Disposition

**IT IS HEREBY ORDERED** that Lewis's Amended Complaint (Doc. 13) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

The Court will give Lewis one more chance to file a Complaint that states a claim. Thus, Lewis is **GRANTED** leave to file a "Second Amended Complaint" on or before **February 7, 2022**. Should Lewis fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Lewis's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any

previous pleading, and Lewis must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Lewis is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Lewis elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Lewis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  January 10, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**